Case number 15-3053, United States of America v. Jeffrey Norman Jackson, Appellant. Ms. Rowland for the Appellant. Ms. Hartman for the Appellant. Good morning. Sandra Rowland on behalf of Mr. Jackson. The procedural issues in this case are governed by the requirements of section 3553 and by this Court's decisions in Brown, Akegbe, In re Sealed Case, Ransom, and Nicely. In re Sealed Case dealt with a statute that's since been repealed requiring a written explanation of reasons on a judgment. And that's no longer in effect. So I don't know what In re Sealed Case has to do with this. Well, In re Sealed Case stands for the proposition that the district court has to state the specific reasons orally and in writing. But the writing part has been repealed. I am so sorry to say that I was not aware of that. It's in a form, right? That's what it currently says, right? Well, it is on the form. But the form, the form is not the judgment, and the form is sent to the Sentencing Commission for statistical gathering. Right. But it is So I don't know what that's got to do with anything. It is required. And it's enforced by the chief judge of the district court. It's required by the statute, and it's required in the statement of reasons. It's required for the Sentencing Commission. It goes to the Sentencing Commission. And the Sentencing Commission files annual reports with Congress, taking those forms and putting them together for statistical purposes. 3553 does not state that it's for the purposes of the Sentencing Commission. It states that the court 28 U.S.C. 994 sub W1 so states. That's the form. 3553 C2 says if the sentence is outside the range, the specific reason for the imposition of the sentence different than that described, must be stated on in the statement of reasons form issued under W1 C, which is the statement of reasons. Which says what? What does the The statement of reasons say? It says it's a form that has to be filed within 30 days after sentencing and sent to the Sentencing Commission. And each chief judge shall enforce it. And not only that, but what's the time for noting an appeal from a sentence? 14 days. 14 days. That form doesn't have to be sent to the Sentencing Commission within 14 days. It can be sent within 30 days. It says within 30 days. So if somebody can note an appeal and the form wouldn't have even been sent to the Sentencing Commission. So how can that possibly be effective? Well, I do think that that, the point you're raising, goes to the plain error issue. It's quite difficult for a defendant to object to the fact that the judge has not stated in the statement of reasons. In the form. But I don't even know that the defendant has any standing to object to that. But let me ask you, how is it that the defendant in this case even got the form? Where's the requirement that it even be served on a defendant? I haven't found it. Because it goes to the Sentencing Commission. It's filed in the case. It's filed under seal. And when I get appointed to represent a person, I'm able to access everything that's under seal. This goes to a larger point that the oral statement of reasons is really the key. I haven't found a case where the oral statement of reasons was sufficient and a court found error because the written form somehow was deficient. They are generally in conjunction with each other. And if I could move on to… Generally, I think, universally, I believe. I don't think there's a case that I found, certainly not in our court, where the oral statement of reasons was sufficient and the form had some alleged error. Ms. Rowland, you're challenging the oral statement of reasons as well. Yes, I am. But just, can you answer my question first? In the cases that I cited, Brown, Ackerdy, Inmaisil, Case Ransom, and Nicely, none of those cases were just about the form. They were about… Some of them were not about form at all, but some of them were about the oral statement and the form. And the court has repeatedly held that a judge's failure to give a specific reason in open court, explaining why the defendant's conduct… So, on the oral statement, why doesn't the judge reference the fact that this crime was committed while on probation for the Judge Urbina offense? Yes, and certainly that sounds like a… That's something specific to this case. That's a reason to take it outside the guidelines. The only thing that the judge said that was specific to Mr. Jackson was that it was especially sad when you see a situation where a person has the potential to have a successful rehabilitation and ends up basically creating a nightmare for themselves and a lot of other people. And that's in the transcript at page 22. But at 23, the judge says, especially after having been given the break you were given by Judge Urbina on the bankruptcy fraud. Well, the judge is not offering that as a reason why he's going to get a sentence more harsh than the guidelines call for. Well, he says to deter, two paragraphs later, this is a case where it is critical in order to promote respect for the law to deter you, who are obviously not deterred by Judge Urbina's sentence, which was probation, and others who may be inclined. If I could address where he says, especially after you've been given a break by Judge Urbina, he's addressing why he's not going to get a probationary sentence. True. I think that's right. But then identifying that as a factor in the case, and then two paragraphs later, at least on the transcript, goes into the need to promote respect for the law and specific deterrence and general deterrence, specific deterrence for someone who was not deterred by Judge Urbina's sentence. I think you read this, and kind of common sense of the whole situation is the sentencing judge here is unhappy that this crime was committed while on probation for another crime where Judge Urbina had given the defendant a nice break in the other crime with the hope that that would promote rehabilitation. Well, the way that I read it is that this requirement of stating with specificity, it's not only required by statute in the case law, it's actually important, which is why it's required by the case law and the statute. It's important for the defendant and the public to hear the conduct in your case was worse than in the typical case because whatever, and for that reason, you're going to get a higher sentence. And it's so darn easy. This court doesn't want to script sentencings for the district court, but how easy is it to say your conduct was worse than the typical case for these reasons, therefore, you will get a higher sentence? And is it your position that the district judge would have had to say worse than the typical case of a recidivist because the guidelines already take recidivism into account? That's another point, that the recidivism was taken into account in his criminal history score and the fact that he was on probation when he committed this offense. Both of those are already taken into account. So what is it that you, just in a general sense, what would be enough in a case like this? Just give me a kind of a concrete example. What would the district judge say? How much particularity about the distinction between? I think the judge could say, well, in this case, really, I think that is the only factor, the fact that he committed the same sort of offense again. So if that's enough, and we argue that it isn't, but if that was enough, he would say, Mr. Jackson, I find that your case, your conduct, was more egregious than the typical conduct we see with these offenses. Not the kind of conduct we see because, again, we have a case about that. The typical conduct under this provision. Yes. Because you did the same thing twice and while you were still on probation. And you're saying that would not be enough. I think that's not enough. And those were factors in this court's decision in Ransom and Nicely, that the defendant had committed the same offense. That would be, keep going, sorry. But they weren't the only factors. There were other factors, such as failing to comply with pre-trial services and probation, not taking the charge seriously, things like that. So we don't have any cases where the only factor is that you committed a similar offense. But that would be enough. I guess this is where procedural and substantive reasonableness merge. That would be enough of an explanation. But you're saying the explanation wouldn't suffice. Exactly. But that would be enough of an explanation. And on the substantive reasonableness, you know our case law on this. I mean the Booker remedial opinion leaves district judges with wide discretion to vary up or down. Which is especially why, to get back to the procedural issues, the procedures are important. Because they do have wide discretion. They're constrained by a few procedural elements. But on the recidivism angle, it's not just, it seems to me from reading the pages of the transcript, recidivism, but recidivism where you had gotten a break before. That's what this district judge identified. You got a break in sentencing before. In other words, Judge Obrina, in the hope, given the defendant's compelling story up to that point, in starting a business and what have you, cut the defendant a break. And this district judge seemed right. There are two elements. It's more than recidivism. You did it before. You got a break before. And, you know, we can all sit here and say, well, that could be a legitimate reason. But he really needs to say so. And it's just not hard to do. And the court has told the district courts at least five times, do this. On behalf of Mr. Jackson, I ask the court to reverse and remand to the district court to follow the procedures set out in 3553 and this court's case law. And if there are no other questions, I'll reserve. We'll give you two minutes for rebuttal or several minutes. Thank you. Thank you. May it please the court. Alyssa Hart Mahan for the United States. I'd like to note at the outset that none of the arguments that the defendant is raising on appeal were raised before the district court. He did not object to the adequacy of the explanation, the district court's explanation. And accordingly, this court can only reverse on a finding of an obvious error that affected the defendant's substantial rights and affects the integrity of judicial proceedings. And do you agree that the writing is not a writing that's supposed to go to the defendant and that we don't have to worry about how and when he could tentatively object to an appeal from that because that's not about memorializing the court's judgment and reasoning? This court's precedents make clear that the oral pronouncement is the judgment. And the First Circuit case that we cite in our brief, United States v. Vasquez-Martinez, I think has a helpful discussion of the purpose of the Statement of Reasons form and that it really is more for the Sentencing Commission's recordkeeping rather than an important independent procedural part of the sentencing process. That's been in effect since 2010. I'm not aware of the statute being repealed. Are you referring to the statute requiring the form? The form. Yeah, I apologize. It's only been in effect since 2010. And what Congress did is, as I understand it, that originally when, for example, Ingray-Seal case was decided, that if the judge departed from the sentencing guidelines, which were mandatory for part of this period, that the judge had to state on the judgment the specific reasons for departing. And that was done away with and replaced with the requirement that the judge fill out this form that goes to the Sentencing Commission. And as I said to Ms. Rowland, the statute says that it's to be enforced by the chief judge of the district court. We would agree that it doesn't – it essentially doesn't matter for sentencing purposes. The First Circuit suggested that. Yeah, exactly. Some of our cases seem to treat it as an independent requirement. How do you propose that we deal with that? All of those cases – well, the fact that the statute has apparently been repealed maybe – Well, but some of them are more recent. Right. I think the original written requirement might have been 2003, and then it's changed in 2010 to be just the form. But Brown is post-form and talks about the form and the checking of the boxes and all of those as if those are a stand-in for what used to be done through the judgment. And all of those cases also involved – this court held that there was an inadequate explanation during the sentencing hearing. But Brown said – and this is what we're going to have to confront, I think – but Brown said that both are clearly insufficient, the both being the oral and the written, and independently amount to plain error. Perhaps I would point the court to the decision in United States v. Knight, which pointed out that if a court's statements during sentencing are ambiguous, the written form may be able to clarify those. Just to the extent there's a conflict, the oral statement will govern. And so perhaps that might explain the comment in Brown about the written form. But in all of those cases – I think the clear explanation is that the court didn't realize that the statute had been changed. This went from an in reseal case right straight to written statement of reasons without noticing that the whole system had been altered. That's certainly possible. In any event, we are under plain error review here, and the defendant has not demonstrated that any error in the form affected the sentence. The form is entered on the docket well after the judgment is imposed. And as the First Circuit held in Vasquez and Martinez, it's hard to imagine how that could have affected the sentence when the sentence was already imposed. Turning to the court's statements at sentencing, the record here demonstrates that this was not a typical case, that the defendant pled guilty to bankruptcy fraud for diverting employment taxes for his own personal use. Not only was he on probation during the bulk of the instant offense, but the instant offense actually began before he was sentenced in the bankruptcy fraud case. The instant offense began the end of 2005. He was sentenced in the fall of 2006. So he did not pause for breath before beginning to, again, divert. I know this puts you in an awkward position because this is a gift you did not seek, but the government's own position at sentencing was that here was someone who was not deterred by Judge Urbina's generous and lenient sentence, and therefore he should have a prison sentence under the guidelines. And now you're having, obviously, to defend an above-guidelines sentence. But really, does any of the reasoning that Judge Leone gave in the district court distinguish between the deterrent and respect for the law and other effects of a within-guidelines sentence and an above-guidelines sentence? Can you point me to anything that actually gives reasoning that makes the critical distinction that 3553 demands? The specific facts that the district court pointed to revolved around the repeat offender. The fact that this was a repeat offense, that the defendant had received a lenient below-guidelines sentence previously, was not deterred by that. And then the court linked those facts to the need to promote respect for the law, the need to provide just punishment, and the need to deter both the defendant and others. And he said he didn't say that this is a not-typical case. He said it was an unusual case. He did. Same thing. He did. And reviewing the record as a whole, the facts here are largely undisputed. I think the defendant concedes that he did commit the same offense twice after receiving a lenient sentence in the bankruptcy fraud case, and that is sufficient to distinguish this case. Looking to this Court's decision in ransom, where the defendant was on probation for a fraud offense and then committed a very similar fraud offense, this Court held that that was sufficient to justify an above-guidelines sentence. I mentioned the annual report that the Sentencing Commission has to provide to Congress, and one of the appendices that they attached, I looked at, lists the reasons for upward departures from the guidelines, and something like 45% to 50% of the cases are cases that it's because of the prior criminal history of the defendant that the district judges around the country are departing upward. I would point out, too, that the facts of this case make clear that the defendant's conduct was not fully recognized by the criminal history adjustment here. Why not? Because the crime was the same, and the government made this argument below. It was stealing employment taxes. It wasn't bankruptcy fraud versus tax fraud. It was diverting employment taxes for his own personal use. In the bankruptcy fraud case, it was $373,000. In this case, it was almost $600,000. There, it was... How is that not taken into account by the... I mean, isn't that precisely what the recidivism... I mean, that's the classic case of recidivism is you go and you do it again. Maybe somebody who goes and does a different kind of crime the next time is more of a harm to society because it's a wider swath of destruction and harm. So I'm not sure that I follow your argument. I think it's because the previous crime specifically put the defendant on notice that he had this obligation to pay over these payroll taxes that were withheld from his wages. In order to be held guilty of either, he has to be knowingly... Yes, yes. But as we argued below, after pleading guilty and being sentenced, he can't argue that he was ignorant of the law here. I would also point out that this court recognized in ransom that committing the same type of offense is an aggravating factor that is not fully encompassed in the guidelines criminal history score. And that is something relevant. And I think that, again, reviewing the record as a whole, that seems to be what was driving the district court here was the defendant did not learn from his experience. In fact, he came in and sought a probationary sentence a second time after receiving probation in the first case. And that was an appropriate factor for the judge to consider and makes this a sufficiently unusual case to justify the above-guideline sentence that was imposed here. We would argue that that sentence was both procedurally and substantively reasonable and would ask the court to affirm. Thank you. Judge Randolph, in response to your comment about the judge's use of the word unusual, I don't think that that can be read here as code for more egregious. And he explained one way in which he thought it was unusual, which is that it was sad that he had the potential for success and yet failed. And then he said the case is unusual from a variety of perspectives, not least the one I just mentioned, which was the fact that it was sad. It's exactly those variety of perspectives that the defendant and the public need to hear. If there were other factors that were concerning the judge or driving his sentence, he should have said so. His pronouncement of sentence was actually very brief. It's one and a half pages of the transcript. The government certainly hammered the fact that Mr. Jackson had committed a similar offense and had been given a break by Judge Urbina. But this judge's commentary was so slim and really just so opaque. This is an unusual case from a variety of perspectives that I'm not going to tell you about. Well, I think he's talking about the background of the defendant, having come from Anacostia, graduated from high school, gotten in trouble and then made himself into a business success. That made it unusual in one respect. It's unusual in another respect in that he got a break from Judge Urbina the first time around, but unfortunately committed the same kind of offense again. So that's how I read the two things because it follows the discussion by counsel, his childhood, growing up. He obviously has abilities. What you just said, the judge could have said if that's what he meant. I mean, you read that. I didn't make it up. I got it from reading what the judge said. Well, the judge said a variety of perspectives. He could have said what you just said. His upbringing, his success in business, his failure to pay taxes. He could have given all those reasons and didn't. If there are no further questions, we'd ask the court to reverse and remand for resentencing. Okay. Thank you both. The case is submitted.
judges: Kavanaugh, Pillard, Randolph